10-1115-ag
Firmanto v. Holder

BIA
Opaciuch, IJ
A097 479 798

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of June, two thousand twelve.

PRESENT:

ROSEMARY S. POOLER,
PETER W. HALL,
GERARD E. LYNCH,
    *Circuit Judges*.

_____

FERENCIA FIRMANTO,
        *Petitioner*,

        v.                                    10-1115-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        H. Raymond Fasano, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Blair T. O'Connor,
                       Assistant Director; Don G. Scroggin,

**Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner, Ferencia Firmanto, a native and citizen of Indonesia, seeks review of the February 26, 2010, and April 20, 2006, decisions of the BIA affirming the October 22, 2004, decision of Immigration Judge ("IJ") Adam Opaciuch denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Firmanto*, No. A097 479 798 (B.I.A. Feb. 26, 2010, Apr. 20, 2006), *aff'g* No. A097 479 798 (Immig. Ct. N.Y. City Oct. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Firmanto does not challenge the agency's denial of CAT relief, or either asylum or withholding of removal based on an individualized fear of future harm separate from her alleged past persecution, we address the merits of her petition only as it pertains to asylum and withholding of removal based on past persecution and a claimed pattern or practice of persecution against Christian and ethnic Chinese Indonesians. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

The agency erred by mis-characterizing the record and by either ignoring record evidence supporting Firmanto's claim or failing to provide sufficient reasoning to explain why the incidents of harm Firmanto suffered did not cumulatively amount to persecution. *See Delgado v. Mukasey*, 508 F.3d 702, 705 (2d Cir. 2007) (requiring the agency to provide a "minimum level of analysis" and "some indication that the IJ considered material evidence supporting a petitioner's claim"). Given that Firmanto testified that during an incident in 1998 several men surrounded her and ripped off her school uniform such that she had to cover her breasts and thought she would have been raped if she had not been helped to escape, and stated in her written application that during an incident in 1999 individuals pointed a knife at her and "touched [her] private parts," the IJ's statement

3

that there was "no indication of any type of physical mistreatment" mis-characterized the record.

Accordingly, the agency either ignored these incidents, or failed to explain why a sexual assault on one occasion and an attempted sexual assault on another occasion did not amount to persecution when considered with the other harms Firmanto claims to have suffered.  *See Tian-Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004) (determining that the agency "made a fundamental error" by ignoring petitioner's testimony that he had been beaten and "flatly asserting that no such testimony existed in the record").  Thus, given that this Court has held that there is no requirement of "permanent or serious injury" to support a finding of past persecution where the definition encompasses "a variety of forms of adverse treatment, including non-life[-]threatening violence and physical abuse or non-physical forms of harm," *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 283 (2d Cir, 2006) (alteration in original), the agency's past persecution finding is flawed and remand is required for the agency to determine whether, absent the error and in full consideration of all incidents of mistreatment, Firmanto suffered harm in the aggregate rising to the level of persecution.  *See Tian-Yong Chen*, 359 F.3d at 128-29.

4

The agency reasonably concluded that Firmanto failed to establish the existence of a pattern or practice of persecution against Christians and ethnic Chinese in Indonesia. Country conditions evidence in the record indicated that, while there continued to be incidents of harm against Chinese Christians, Firmanto did not establish a pattern or practice of persecution. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (upholding agency conclusion of no pattern or practice of persecution in case involving similar country conditions evidence). Accordingly, we deny the petition in part. While Firmanto argues that the agency did not consider all of the country conditions evidence presented, the BIA referenced and cited to evidence in the record, and so we find the record does not compellingly suggest that the agency failed to consider any evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006).

Although the agency did not err in concluding that Firmanto failed to establish a pattern or practice of persecution, because the agency's past persecution finding is flawed, and because a finding of past persecution can be a basis for granting relief and creates a presumption of a well-founded fear of persecution, remand to the agency is still required. *See* 8 C.F.R. § 1208.13(b)(1). On remand,

5

the agency need not further address Firmanto's assertion that she will suffer future harm separate from properly analyzing her claim that she has suffered past persecution.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6